Lynn **FITZGERALD,**
**Petitioner, Appellant,**

v.

Kevin **FITZGERALD, Respondent.**

No. C6–86–2137.

Court of Appeals of Minnesota.

May 19, 1987.

Candace Rasmussen, Southern Minn. Regional Legal Services, Inc., Winona, for appellant.

Kevin FitzGerald, pro se.

Heard, considered and decided by CRIPPEN, P.J., and LESLIE and STONE *, JJ.

## OPINION

BRUCE CHARLES STONE, Acting Judge.

This appeal is from an order for protection issued under the Domestic Abuse Act, Minn.Stat. § 518B.01 et seq. (1986). Appellant Lynn FitzGerald contends that the trial court erred in issuing an order that mutually restrains and excludes the parties and that is effective for only three months. She also argues that the trial court erred in failing to rule on her request for the return of her personal belongings. Respondent Kevin FitzGerald has not filed a brief and this matter is proceeding pursuant to Minn. R.Civ.App.P. 142.03. We affirm in part, reverse in part and remand.

## FACTS

In October 1986, appellant Lynn FitzGerald filed a petition and affidavit alleging that she had been physically abused by her husband, respondent Kevin FitzGerald, and seeking an order for protection to remain in effect for one year. The petition also sought to have certain "personal belongings (clothing, household belongings)" returned to her.

A domestic abuse hearing was held at which appellant and respondent each appeared pro se. At that time, both parties were receiving treatment for chemical dependency. Appellant informed the trial court that the parties' marriage had recently been dissolved. The trial court took no sworn testimony and directed questions solely to respondent, who did not oppose issuance of a restraining order. At the end of the hearing, appellant inquired about her request for the return of her personal property. Apparently referring to the divorce decree, the court merely stated that respondent "is already ordered to do it."

An order for protection was issued on November 18, 1986, mutually restraining and enjoining the parties from committing acts of domestic abuse and excluding the parties from each other's residences for a period of three months.

Following the filing of this appeal, the trial court issued and filed an order purporting to amend the order for protection to restrain only respondent.

## ISSUES

1. Did the trial court err in issuing a mutual restraining order?

2. Does the evidence sustain the three-month duration of the order for protection?

3. Did the trial court err in failing to rule on appellant's request for the return of her personal belongings?

## ANALYSIS

1. Appellant contends that issuance of a mutual restraining order was error when respondent did not seek such relief, when there is no evidence to show that she is an abusing party, and when she was not given notice and was unable to prepare an adequate defense. She insists that she is prej-

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

udiced by such an order because it suggests that she was found to have committed acts of domestic abuse, because it gives the abuser the message that he is not going to be held accountable for his violent behavior, and because mutual restraining orders are less enforceable in that police may be misled as to which party actually has a history of physical abuse.

We agree that there is no evidence to support the issuance of a restraining order against appellant.[1] This is not a situation in which both parties consent to a mutual restraining order to save the cost and time involved in a hearing. Moreover, the trial court has acknowledged in its January 8 order that it had no authority to issue a mutual restraining order. Although this post-appeal order is null and void and of no effect because issued after the notice of appeal was filed in this case, we may take "cognizance of it for the insight it affords." *Evans v. Blesi*, 345 N.W.2d 775, 780 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. June 12, 1984). *See also Andersen v. Andersen*, 376 N.W.2d 711, 716–17 (Minn.Ct.App.1985). We therefore reverse that portion of the order for protection that restrains and excludes appellant.

### II

Appellant contends that the three month duration of the order for protection is unsupported by the record and that it should be in effect for one year. Under the Domestic Abuse Act, the trial court has discretion to issue an order for protection "for a fixed period not to exceed one year * * *." Minn.Stat. § 518B.01, subd. 6 (1986). In this case, the trial court was aware that both parties were in chemical treatment. During the hearing, respondent expressed an intention to stay away from appellant and not contact her. The only evidence presented to support the restraining order consisted of statements in appellant's affidavit which outlined incidents of abuse in August 1986. Given this evidence, we believe that the three month

duration of the order for protection was reasonable and within the trial court's discretion. Appellant may request an extension of the order should future circumstances so warrant.

### III

Appellant finally contends that the trial court erred in failing to order the return of her personal property. Although such relief was possibly granted in the divorce decree, we believe that appellant should not be required to institute separate proceedings. Courts having jurisdiction over dissolution actions also have jurisdiction to hear an application for relief under the Domestic Abuse Act. Minn.Stat. § 518B.01, subd. 3. The Act further gives such courts broad discretion to fashion relief, which may include the assistance of the sheriff or constable. *See* Minn.Stat. § 518B.01, subds. 6(h) and 9.

We remand on this issue to give appellant an opportunity to identify the items of personal property. If she is able to identify these items with some degree of particularity, the trial court, at its discretion, may issue an order for relief which may include the assistance of the sheriff.

### DECISION

1. The order for protection is reversed to the extent that it restrains and excludes appellant. The January 8, 1987 order of the trial court purporting to amend the order for protection is vacated.

2. The three month duration of the order for protection is supported by the evidence.

3. The trial court erred in not ruling on appellant's request for the return of her personal property. On remand, appellant should be allowed to present evidence as to the identity of these personal belongings and the trial court is directed to fashion an appropriate order, which may include the assistance of the sheriff.

---

1. We do not decide whether sufficient evidence supports issuance of a restraining order against respondent because he has consented to such an order and does not respond on appeal.

Affirmed in part, reversed in part and remanded.