**In re the Matter of Mary Jo NOHNER, Respondent,**

v.

**Barbara Jean ANDERSON, Petitioner.**

**No. C7–89–1478.**

Court of Appeals of Minnesota.

Oct. 3, 1989.

Jane Binder, Wilson & Binder, Minneapolis, for respondent.

Suzanne Born, Minneapolis, for petitioner.

Considered at Special Term and decided by WOZNIAK, C.J., and NORTON and GARDEBRING, JJ., without oral argument.

### SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

The parties own a home as joint tenants. Respondent Nohner obtained an ex parte temporary order for protection on August 1, 1989, alleging that petitioner Anderson injured Nohner's arm. The return date on the order to show cause was August 8. On that date, both parties requested an evidentiary hearing. The court took no evidence on the petition and made no finding of domestic abuse, but it continued the ex parte temporary order "in full force and effect" until an evidentiary hearing on October 18. Anderson seeks a writ of prohibition, arguing the trial court lacks authori-

ty to continue the temporary order and hearing date.

## DECISION

Prohibition will lie where the trial court has acted in excess of its lawful authority, causing injury for which no ordinary remedy is adequate. *Hancock–Nelson Mercantile Co. v. Weisman,* 340 N.W.2d 866, 868 (Minn.Ct.App.1983).

Generally, upon receipt of a petition for an order for protection, "the court shall order a hearing which shall be held no later than 14 days from the date of the order." Minn.Stat. § 518B.01, subd. 5(a) (1988). If the application "alleges an immediate and present danger of domestic abuse, the court may grant an ex parte temporary order for protection, pending a full hearing." *Id.* subd. 7(a). Where an ex parte order has issued, a "full hearing" must be set within seven days after issuance. *Id.* subd. 7(b).

The ex parte order in this case granted immediate relief, and the hearing was timely set for August 8, within seven days. However, the court failed to hold "a full hearing" on August 8.

The trial court continued the August 1 ex parte temporary order "in full force and effect" until October 18. The statute provides that an ex parte temporary order "shall be effective for a fixed period not to exceed 14 days, except for good cause as provided under paragraph (c)." *Id.* (paragraph (c) applies only when a petition for order for protection is served by mail). The trial court in this case continued the temporary order in effect for two months.

We note that the trial court did not purport to issue an order for protection after the August 8 "hearing," but just continued the temporary order in effect. The statute requires a "full hearing" before an order for protection may issue, and the mere appearance of counsel, without acceptance of any evidence, is insufficient to satisfy that requirement. The order issued on August 8 also lacked specific findings on domestic abuse, as required for an order for protection. *Andrasko v. Andrasko,* 443 N.W.2d 228, 230 (Minn.Ct.App.1989).

The trial court was authorized to issue an ex parte temporary order, effective for 14 days. It is authorized to issue an order for protection after a full hearing, if it makes appropriate specific findings on domestic abuse. It is not authorized to continue an ex parte temporary order in effect for over two months.

Writ of prohibition issued.