In re the Matter of Karen Ann
MECHTEL, Petitioner,
Appellant,

v.

Allen David MECHTEL, Respondent.

No. C8–94–1665.

Court of Appeals of Minnesota.

March 7, 1995.

Margaret A. Penn, Southern Minnesota Regional Legal Services, St. Paul, for appellant.

1. Appellant also applied for ex parte orders for

John Brinckman, LaCrosse, WI, for respondent.

Considered and decided by AMUNDSON, P.J., and LANSING and KLAPHAKE, JJ.

## OPINION

AMUNDSON, Judge.

In challenging two orders for protection, appellant argues that the district court erred in (1) ordering that she participate in mediation; (2) issuing a mutual protection order; (3) using the language of a dissolution summons as the basis for relief; and (4) not holding a "full hearing" or issuing a finding whether domestic abuse occurred. We reverse and remand.

## FACTS

On March 22, 1994, appellant Karen Mechtel applied to the Houston County District Court for an order for protection against her husband, Allen David Mechtel (respondent).[1] In her affidavit, appellant alleged that respondent had stopped his psychiatric care for manic depression and quit taking his medication in August 1993. She alleged that on August 23, 1993, respondent became angry, smashed a coffee table, threw plants and furniture around the house, and threatened to kill her—all in front of the children. Appellant left the house and stayed with a neighbor for a week. She went home with the agreement that respondent would move out. Respondent moved out in mid-September.

The week before appellant filed the petition, she told respondent that she "wanted to move on with [her] life." On March 29, 1994 respondent appeared at the house and was "angry, hollering, and irrational." Appellant was advised by the sheriff who came to her house that day that she should get an order for protection. Appellant stated that respondent was "mentally unstable, and capable of killing me, when he has a rage. When [respondent] is out of control, I fear for my life."

On the same day that appellant applied for the order for protection, the district court

protection in January 1992 and July 1992.

issued an order for hearing and ex parte order for protection. The order provided that (1) a hearing was to be held on March 28; (2) respondent must not harm appellant or cause her to fear harm; (3) respondent must not enter appellant's residence; (4) appellant shall have temporary custody of the children; (5) neither party shall sell or damage any real or personal property; (6) respondent must surrender his keys to the residence and the 1993 Dodge Caravan to a law enforcement official; and (7) "the parties shall meet with Kevin L. Siebold, Court Services Officer on Thursday, March 24, 1994, at 4:00 P.M., to discuss the issues at hand." The parties met with the court services officer on March 24 as ordered by the district court.

Respondent requested and was granted a continuance to obtain counsel and the hearing was held April 7, 1994. Respondent was represented by counsel.[2] Before the hearing, James Schultz, an attorney appellant hired to start a dissolution action, gave respondent's counsel a copy of a summons and petition he had drafted. Schultz then left the courtroom and appellant appeared pro se at the hearing. No testimony was taken, and the court did not ask about the domestic abuse allegations.

On April 8, 1994, the court issued an order for protection. The court deleted the portion of the pre-printed order for protection form that read "Acts of domestic abuse have occurred, including the following" and substituted "The Court makes no determination of guilt or any violation but will issue this mutual Restraining Order." The court only ordered respondent not to commit acts of domestic abuse and to make and keep an appointment to be evaluated by the Counseling for Abusive Men Treatment Program. The court further stated that this was a mutual restraining order and directed that "[n]either party shall harass the other party hereto in any manner or form whatsoever."

On May 26, 1994, appellant was served with a criminal complaint, charging her with violations of the restraining order.

## ISSUES

1. Did the district court err by ordering that appellant participate in mediation?

2. Did the district court err by issuing a mutual protection order when respondent did not request an order for protection, and there was no evidence of abusive acts by appellant?

3. Did the district court err by using the language of a dissolution summons as the basis for relief in a domestic abuse proceeding?

4. Did the district court err in not holding a "full hearing" and not making a finding whether domestic abuse occurred?

## ANALYSIS

### I. *Mediation*

■ Appellant argues that, by requiring her to meet with respondent two days after the issuance of the ex parte order and four days before the full hearing, the district court improperly ordered her to participate in mediation with respondent.[3]

If a court determines that

there is probable cause that one of the parties, or a child of a party, has been physically or sexually abused by the other party, the court shall not require or refer the parties to mediation or any other process that requires the parties to meet and confer without counsel, if any, present.

Minn.Stat. § 518.619, subd. 2 (1992). The family court rules have a similar provision:

The court shall not require mediation when it finds probable cause that domestic or child abuse has occurred.

Minn.R.Gen.Pract. 310.01(a).

■ The first question is whether there was probable cause that domestic abuse had

---

2. Respondent has not filed a brief in this appeal.

3. Appellant indicates in her brief that the parties did meet as ordered by the district court. Thus, this issue could be considered moot. This court, however, has addressed issues involving ex parte orders since those issues are "capable of repetition yet evading review." *See Baker v. Baker,* 481 N.W.2d 871, 873 (Minn.App.1992), *rev'd on other grounds,* 494 N.W.2d 282 (Minn.1992).

occurred. In *Vogt v. Vogt*, 455 N.W.2d 471, 474 (Minn.1990), the supreme court noted that "by issuance of the protective order" the court had "implicitly found * * * probable cause of physical abuse." In that case, however, the protective order was issued after a hearing was held. The question in this case is whether the issuance of an ex parte order should also be treated as an implicit finding of probable cause of physical abuse. We conclude that it should.

The reason for this rule is clear—a victim should not be required to go through mediation with an abusive spouse. If the court determines after a full hearing that no abuse occurred, then the court is free to order mediation. In cases in which the court does eventually make a finding of domestic abuse, it would be wrong for the victim to have been ordered to participate in mediation merely because the court had not yet held the statutorily required hearing or made the statutorily required findings.

■ The next question is whether the meeting with the court services officer "to discuss the issues at hand" constituted "mediation." The statute does not define the term mediation. The supreme court has cited to the following definition with approval in an order for protection case:

A forum in which an impartial person, the mediator, facilitates communication between parties to promote conciliation, settlement, or understanding among them.

Minnesota Supreme Court–Minnesota State Bar Association Task Force on Alternative Dispute Resolution, Final Report, Appendix D (July 1989), *quoted in Vogt*, 455 N.W.2d at 474. Since the meeting ordered by the district court is consistent with this definition, we conclude that the court improperly ordered appellant to participate in mediation.

## II. *Mutual Restraining Order*

The district court's April 8, 1994 Order for Protection included a mutual restraining order. Appellant argues the district court erred in issuing a mutual restraining order since respondent did not file a petition for an Order for Protection and the court made no finding of mutual abuse.

In *FitzGerald v. FitzGerald*, 406 N.W.2d 52 (Minn.App.1987), the wife alleged that the district court erred in issuing a mutual restraining order when her husband did not seek a restraining order, there was no evidence to show that she was an abusing party, and she was not given notice and an opportunity to prepare an adequate defense. This court agreed that there was no evidence to support the issuance of a restraining order against the wife, and reversed the portion of the order that restrained her. *Id.* at 54.

■ At the brief hearing in this case, appellant was pro se and respondent was represented by counsel. There was no inquiry into the abuse allegations. The court asked appellant if a mutual restraining order was "in accordance with your understanding." She replied "No, it isn't." She also asked the court, "[C]an you explain to me what you mean a mutual restraining order?" and indicated that "I am being advised not to agree with a mutual restraining order." The following exchange took place:

COURT: That would be mutual that you can't call him up and start calling him obscene names, for example. He cannot do that to you either. That's not any admission of any type of guilt on your part but if you would, if you were to call him up and call him names or threaten him or— [Appellant]: I certainly agree not to do that, Your Honor. THE COURT: Then you possibly could face criminal charges just the same as he could face them if he does that to you so is that clear, do you feel you understand that all right? [Appellant]: Yes.

Based on this exchange, the district court may have thought that appellant was agreeing to a mutual restraining order.[4] Appellant, however, indicated twice before that she did not want a mutual restraining order. Appellant also indicated that she was confused about the concept of a mutual restraining order. Since appellant was pro se, the district court should have been very careful

---

4. Appellant had also indicated to the trial court that "What my attorney advised me to do was to have the Order match the agreement, the divorce agreement."

to make sure that she was agreeing to a mutual restraining order.

Since respondent did not ask for a protective order, no evidence of abuse by appellant was produced at the hearing, and appellant twice indicated that she did not agree to the issuance of a mutual restraining order, the district court erred in issuing a mutual restraining order.

## III. *Relief in a Domestic Abuse Proceeding*

The order for protection provided that

This is a mutual Restraining Order *to correlate with the Order in the dissolution proceedings.* Neither party shall harass the other party hereto in any manner or form whatsoever.

(Emphasis added). There was, however, no dissolution order. The court was apparently referring to a dissolution summons that had been handed to respondent's attorney just before the hearing. Appellant argues that the district court erred in using the summons in a dissolution action as the basis for relief in a domestic abuse proceeding.

Appellant properly notes under Minnesota law, every dissolution summons must, inter alia, contain a notice that, once the summons is served "[n]either party may harass the other party." Minn.Stat. § 518.091(a) (1992). Appellant argues that the district court erred in using this boilerplate relief provision from the standard dissolution summons rather than granting the relief of an order for protection.

 The Domestic Abuse Act provides that the granting of relief is within the district court's discretion. *See* Minn.Stat. § 518B.01, subd. 6(a) ("Upon notice and hearing, the court *may* provide relief as follows"). Since we reverse on other grounds, we do not decide what relief should be ordered in a case such as this. Nevertheless, we note that judges considering actions brought under the Domestic Abuse Act should consider the uniqueness of the remedies available under the statute, as well as the potentially devastating consequences if such relief is not granted.

## IV. *Procedural Requirements of Domestic Abuse Act*

Appellant argues that since the court did not ask any questions about the allegations of domestic abuse, she was denied her right to a "full hearing."

 The Domestic Abuse Act provides that, upon the receipt of a petition for an order for protection, the court shall order "a hearing" within 14 days. Minn.Stat. § 518B.01, subd. 5(a) (1992). When a petition alleges an immediate danger of domestic abuse, the court may grant an ex parte temporary order for protection, pending a "full hearing." *Id.,* subd. 7(a) (1992); *see also Nohner v. Anderson,* 446 N.W.2d 202, 203 (Minn.App.1989) ("The [Domestic Abuse Act] requires a 'full hearing' before an order for protection may issue.").

 This court need not decide precisely what is a "full hearing" within the meaning of the Domestic Abuse Act since, under any definition, it is clear that the hearing in this case would not meet that definition. The transcript of the hearing is only five pages long. As appellant notes, the district court did not even ask whether the allegations in the petition were true. Thus, the district court did not hold a "full hearing" as required by the Act. *See id.* at 203 (the mere appearance of counsel, without acceptance of any evidence, is insufficient to satisfy "full hearing" requirement).

Appellant also argues that the district court erred in failing to make a finding of domestic abuse. The court deleted the portion of the pre-printed order for protection form that read "Acts of domestic abuse have occurred, including the following" and substituted "The Court makes no determination of guilt or any violation but will issue this mutual Restraining Order."

In *Andrasko v. Andrasko,* 443 N.W.2d 228, 230–31 (Minn.App.1989), this court held that where the district court made no written findings, did not fill in the blank space for findings on the pre-printed order for protection form, and did not make any oral findings on the record, the court erred by failing to make any findings concerning domestic abuse.

Similarly, since the court in this case made no written or oral findings, and filled in the blank space for findings with a statement that it was not making a determination of guilt or any violation, the court erred in failing to make domestic abuse findings. *See Nohner*, 446 N.W.2d at 203 (specific findings on domestic abuse required for an order for protection).

## DECISION

The district court improperly ordered appellant to participate in mediation. The district court erred in issuing a mutual restraining order. The district court erred in failing to hold a "full hearing" and in not making any findings concerning domestic abuse.

**Reversed and remanded.**