529 N.W.2d 13 (1995)
Hossien EL NASHAAR, Petitioner,
v.
Crystal Louise EL NASHAAR, Respondent.
No. C3-95-76.
Court of Appeals of Minnesota.
March 7, 1995.
Rodney G. Otterness, Kent E. Nyberg Law Office, Grand Rapids, for petitioner.
David G. Kuduk, Legal Aid Service of Northeastern Minnesota, Grand Rapids, for respondent.
Considered at Special Term and decided by SIMONETT, C.J., and CRIPPEN and KLAPHAKE, JJ.

*14 SPECIAL TERM OPINION
KLAPHAKE, Judge.

FACTS
A proceeding to dissolve the parties' marriage is pending in North Dakota. After commencement of that proceeding, respondent Crystal Louise El Nashaar and the parties' children moved to Minnesota. Petitioner Hossien El Nashaar still lives in North Dakota. A North Dakota order allows petitioner unsupervised visitation.
On December 22, 1994, respondent obtained an ex parte temporary order for protection in Minnesota. Respondent alleged that petitioner had harassed and stalked her and the children. The order directed that petitioner have no visitation pending the hearing scheduled for January 6, 1995.
No testimony was taken at the January 6, 1995 hearing, and the district court made no findings on the allegations of domestic abuse. Over petitioner's objection, the district court continued the matter because there was insufficient time on the schedule to hold a hearing. The matter was rescheduled for hearing on January 13, 1995. Petitioner seeks a writ of prohibition, arguing the district court lacks authority to continue the temporary order and hearing date. Petitioner also contends that Minnesota lacks jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA) to determine visitation.

DECISION
To obtain a writ of prohibition, petitioner must establish that the district court exceeded its lawful authority, causing injury for which no ordinary remedy is adequate. See Hancock-Nelson Mercantile Co. v. Weisman, 340 N.W.2d 866, 868 (Minn.App.1983).
Where a petitioner alleges an immediate and present danger of domestic abuse, the court may grant an ex parte temporary order for protection, pending a "full hearing." Minn.Stat. § 518B.01, subd. 7(a) (1994). Except for good cause when service is made by published notice, an ex parte temporary order for protection "shall be effective for a fixed period not to exceed 14 days." Id., subd. 7(c). A "full hearing" shall be set for not later than seven days from the issuance of the temporary order. Id.
This court has issued a writ of prohibition to restrain enforcement of an order continuing an ex parte temporary order in effect for over two months. See Nohner v. Anderson, 446 N.W.2d 202, 203 (Minn.App.1989). Although the delay is not so egregious in this case, the district court still lacked authority to continue the December 22 ex parte order in effect for more than 14 days without a full hearing and appropriate findings on domestic abuse.
The mere appearance of counsel at the January 6 hearing, without acceptance of any evidence, was insufficient to satisfy the "full hearing" requirement. See id. at 203. The right to a "full hearing" on the domestic abuse allegations includes the right to present and cross-examine witnesses, to produce documents, and to have the case decided on the merits. See In re Enger's Will, 225 Minn. 229, 237-38, 30 N.W.2d 694, 700 (1948) (definition of "hearing" in judicial proceedings).
The district court lacked authority to continue the December 22 ex parte order in effect for more than 14 days without making appropriate findings on domestic abuse. See Andrasko v. Andrasko, 443 N.W.2d 228, 230 (Minn.App.1989) (order for protection must be supported by findings concerning domestic abuse). Further, the district court erred in continuing the order denying petitioner visitation with the children without a finding that the safety of respondent or the children would be jeopardized by visitation. See Minn.Stat. § 518B.01, subd. 6(a)(4) (1994); Baker v. Baker, 494 N.W.2d 282, 290 (Minn. 1992).
In this era of crowded court calendars and limited judicial resources, the requirement for expedited hearings in domestic abuse proceedings can be burdensome. But Minn. Stat. § 518B.01, subd. 7 does not allow the district court to continue an ex parte order in effect for more than 14 days on the ground that the court needs additional time to conduct a full hearing and make appropriate *15 findings. Therefore, courts must give priority to the scheduling of domestic abuse hearings.
Because we grant a writ of prohibition on the ground that the district court lacked authority to continue the December 22 ex parte order, we decline to reach petitioner's child custody jurisdiction issues. Ordinarily, prohibition is not available for review of such issues because an order dismissing or refusing to dismiss a proceeding on the ground of lack of jurisdiction is appealable as of right. See Bellows v. Ericson, 233 Minn. 320, 325, 46 N.W.2d 654, 658 (1951) (prohibition does not lie where appeal affords adequate remedy); Snow v. Snow, 369 N.W.2d 581, 583 (Minn.App.1985) (order assuming jurisdiction under the UCCJA is appealable).
Writ of prohibition issued.