**Douglas A. ANDERSON, Sr. (C7–95–579), Mary J. Slattery (C3–95–580), Respondents,**

v.

**Barbara V. LAKE, Appellant.**

Nos. C7–95–579, C3–95–580.

Court of Appeals of Minnesota.

Sept. 12, 1995.

Douglas A. Anderson, Sr., pro se.

Mary J. Slattery, pro se.

Dawn Carlson, Legal Services of Northwest MN, Moorhead, for appellant.

Considered and decided by KLAPHAKE, P.J., PARKER and SHORT, JJ.

## OPINION

PARKER, Judge.

Douglas Anderson and Mary Slattery filed separate petitions for restraining orders against Barbara Lake. The petitions were consolidated and came on for hearing as required under Minn.Stat. § 609.748. The trial court issued a restraining order against Lake for a period of one year. At the hearing, the trial court did not require the parties to be sworn or permit the examination of witnesses. The restraining order is vacated and we remand to the district court for a hearing pursuant to Minn.Stat. § 609.748, requiring sworn testimony and examination of witnesses.

## FACTS

Respondents Douglas Anderson and Mary Slattery were living together at the time they filed separate petitions for restraining orders against appellant Barbara Lake, Anderson's former girlfriend. The affidavits accompanying the petitions alleged that (1) Lake had made an unannounced visit to the home of Anderson; (2) Anderson and Slattery had received a number of hang-up phone calls which they had reason to believe were made by Lake; and (3) there had been a number of hostile encounters between Anderson and Lake since their breakup.

The record reveals that, once appearances were noted, testimony began at the direction of the court. The trial court questioned each of the parties. No witnesses were sworn.

At the conclusion of the hearing, the court ordered the one-year restraining order over Lake's objection. Lake's attorney argued that (1) there was no finding of harassment upon which the court could base an order; and (2) the court's findings were not conclu-

sive because the court did not permit Lake to rebut the arguments made by Anderson and Slattery through direct or cross-examination. Lake appeals.

## ISSUE

Did the trial court's proceeding constitute a "hearing" under Minn.Stat. § 609.748 (Supp.1993)?

## DISCUSSION

■ A reviewing court is not bound by and need not give deference to a trial court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ Minn.Stat. § 609.748 establishes the procedure a party must follow to obtain a harassment restraining order. The statute requires that a hearing be conducted so that the court can determine whether an order is appropriate. The statute, however, does not define "hearing." Lake directs us to Minn. Stat. § 609.748, subd. 5(a), which states:

> The court may grant a restraining order ordering the respondent to cease or avoid the harassment of another person or to have no contact with that person if all the following occur:
>
> \* \* \*
>
> ■ *the court finds at the hearing that there are reasonable grounds to believe that the respondent has engaged in harassment.*

(Emphasis added). Lake asserts that because the court must make a finding of harassment through the hearing procedure, the parties must be sworn and have the right to examine witnesses.

■ We hold that the hearing required under Minn.Stat. § 609.748, subd. 5(a), in-cludes the right to examine witnesses and that witnesses must testify under oath if the order is to be given effect for longer than 14 days.

■ The object of all witness examination, both direct and cross, is to elicit facts to show the truth. Cross-examination of a witness should not be restricted so long as it serves that purpose. *Mattfeld v. Nester,* 226 Minn. 106, 126, 32 N.W.2d 291, 305 (1948). A "full hearing" includes "the right to present and cross-examine witnesses, to produce documents, and to have the case decided on the merits." *El Nashaar v. El Nashaar,* 529 N.W.2d 13, 14 (Minn.App.1995).

■ In *El Nashaar*[1] we considered the meaning of "full hearing" within the context the Minnesota Domestic Abuse Act. Minn. Stat. § 518B.01. We believe that Minn.Stat. § 518B.01 and Minn.Stat. § 609.748 are sufficiently similar so that we may recognize caselaw construing the former as applicable to the latter, and that a hearing under Minn. Stat. § 609.748 includes the right to present and cross-examine witnesses, to produce documents, and to have the case decided pursuant to the findings required by Minn.Stat. § 609.748, subd. 5(a)(3).[2]

■ Lake was denied the right to examine witnesses under oath. The court erred by failing to swear the witnesses prior to taking their testimony:

> Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath of affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so.

Minn.R.Evid. 603. The court must base its findings upon testimony and any documents

---

1. In *El Nashaar* we considered the grant of a writ of prohibition. Yet, we find the parallels between the two cases and the two statutes helpful in defining the term "hearing" under Minn. Stat. § 609.748. For instance, both statutes provide for simplified petitioning processes and the availability of ex parte relief, as well as restraining orders.

2. These formalities do not apply to a hearing regarding the issuance of a temporary restraining order with a duration period of less than 14 days. *See* Minn.Stat. § 609.748, subd. 4.

properly introduced into evidence. Thus, Lake's request for a new hearing must be granted.

## DECISION

The proceeding was not adequate under Minn.Stat. § 609.748 because there was no "hearing." The restraining order is vacated.

**Order vacated and case remanded.**