In re Norman Jerry VOLKMANN, petitioner, Respondent,

v.

Sallie A. VOLKMANN, Appellant.

No. A04–1085.

Court of Appeals of Minnesota.

Nov. 9, 2004.

Thomas J. Kraus, Kraus Law Offices, Waseca, MN, for respondent.

Aaron J. Glade, Farrish Johnson Law Office Chtd., Mankato, MN, for appellant.

Considered and decided by KLAPHAKE, Presiding Judge; HARTEN, Judge; and STONEBURNER, Judge.

## O P I N I O N

HARTEN, Judge.

The judgment in the dissolution of the parties' marriage reserved two issues, and the parties entered into binding arbitration to resolve them. The arbitrator met separately with each party but not with both parties together. Appellant moved to vacate the award and the district court denied the motion. We reverse and remand.

## FACTS

Appellant Sallie A. Volkmann and respondent Norman Jerry Volkmann agreed to enter into binding arbitration of the two issues reserved in their marriage dissolution judgment. Correspondence between the parties' respective counsel identified the arbitrator and stated that the parties agreed to arbitrate "unrepresented." The correspondence did not indicate that the parties waived their right to the hearing prescribed by Minn.Stat. § 572.12 (2002).

The arbitrator did not conduct a hearing, but instead met with each party separately. Shortly before the arbitrator was scheduled to issue his award, appellant's counsel notified the arbitrator that appellant had decided to withdraw from arbitration. Nonetheless, the arbitrator issued his award, holding that neither party was entitled to any relief. The district court denied appellant's motion to vacate the award. Appellant challenges that denial.

## ISSUE

Did the arbitrator's failure to conduct the hearing required by Minn.Stat. § 572.12 (2002) substantially prejudice the rights of the parties?

## ANALYSIS

Arbitrators must conduct a hearing unless otherwise provided by agreement. Minn.Stat. § 572.12(a) (2002). At the hearing, "[t]he parties are entitled to be heard, to present evidence material to the controversy and to cross-examine wit-

nesses." Minn.Stat. § 572.12(b). A court must vacate an award where the arbitrator "so conducted the hearing, contrary to the provisions of section 572.12, as to prejudice substantially the rights of a party." Minn. Stat. § 572.19, subd. 1(4) (2002). Whether challenged conduct constitutes prejudicial misconduct is reviewed de novo. *Aaron v. Ill. Farmers Ins. Group,* 590 N.W.2d 667, 669 (Minn.App.1999).

 Here, the arbitrator failed to conduct a hearing. Respondent claims that the arbitrator chose to meet with the parties individually because he anticipated conflict due to their acrimonious relationship. But Minnesota law mandates a hearing regardless of the character of the parties' relationship. Not allowing one party to hear, respond to, or cross-examine the other constitutes conduct that "prejudice[s] substantially the rights of a party." Minn.Stat. § 572.19, subd. 1(4). Cross-examination is an irreplaceable way to develop testimonial truth. *See Anderson v. Lake,* 536 N.W.2d 909, 911 (Minn.App. 1995) (purpose of all examination, direct and cross, is "to elicit facts to show the truth.").

The written correspondence between the parties did not include any waiver of the right to an adversarial hearing. The documents show only that the parties agreed to arbitration "unrepresented." Thus, in the absence of a valid waiver, the failure to conduct a hearing substantially prejudiced the rights of the parties and requires vacation of the arbitration award.[1]

## DECISION

Because the arbitrator did not conduct the adversarial hearing required by Minn. Stat. § 572.12 (2002), and the parties did not waive their right to the hearing, the district court erred in denying appellant's motion to vacate the arbitration award. We reverse and remand for further proceedings not inconsistent with this opinion.

**Reversed and remanded.**

---

1. Because the award is vacated, we need not address the propriety of the arbitrator's lan- guage regarding property ownership.