*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0315**

In the Matter of: Gina Marie Johnson, individually
and on behalf of Mickey Steele Sullivan, et al., petitioner,
Respondent,

vs.

Jacob Khamis Johnson,
Appellant.

**Filed October 6, 2014
Affirmed
Reyes, Judge**

Dodge County District Court
File No. 20FA13941

Gina Marie Johnson, Dodge Center, Minnesota (pro se respondent)

David L. Liebow, Restovich, Braun & Associates, Rochester, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Reilly, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**REYES**, Judge

On appeal from the district court's grant of a domestic abuse order for protection under Minn. Stat. § 518B.01 (2012), appellant argues that the district court erred by (1) failing to hold a sufficient hearing; (2) finding evidence sufficient to grant the order for protection; and (3) failing to make sufficient findings to support the order. We affirm.

**FACTS**

In December 2013, respondent Gina Marie Johnson (wife) petitioned the district court for an order for protection (OFP) from appellant Jacob Khamis Johnson (husband) on behalf of herself and her seven children. In the documents submitted to the court, wife explained that husband had been abusive toward her and her children, five of whom are biologically husband's, and that she previously obtained OFPs against husband in 2010 and 2011. In an affidavit, wife explained that a child-in-need-of-protection-or-services (CHIPS) case was opened in 2010, and husband was charged criminally with sexually abusing her children, but that the charges were dropped because her son could not testify. Husband and wife, who married in 2002, divorced in 2012.

During the summer of 2013, husband and wife rekindled their relationship after husband apologized for his past behavior. In September 2013, wife and husband remarried, but did not live together, and husband was supervised while with the children. In her affidavit, wife stated that within a short time after remarrying husband, he began to exhibit signs of his past abusive behavior by yelling at the children, grabbing her arm, and touching her sexually while she slept. Wife indicated that she believed the domestic abuse would continue. She stated that she had not talked to husband much since November 2013 but that he had come to her house on two occasions and driven by the house on other occasions. At the time that wife filed the petition, another CHIPS case had been opened because of husband's conduct.

The same day that wife filed her petition, the district court granted her an emergency (ex parte) OFP on behalf of herself and her children, effective for two years.

The order restricted husband from committing acts of abuse against wife and her children or having any contact with them, except as ordered as part of the ongoing CHIPS file. It also excluded husband from wife's residence, Triton schools, and Dodge Center.

Husband requested an evidentiary hearing on the OFP. At the hearing, husband was represented by counsel, and wife appeared pro se. The district court asked questions of both parties, who were sworn, and allowed each individual an opportunity to add more detail. No other testimony was taken nor was there evidence submitted. After the hearing, the district court issued an order reaffirming the ex-parte domestic-abuse OFP, "[b]ased on the [a]ffidavit and [p]etition for an [o]rder for [p]rotection, the hearing held, and all of the files and records." Husband requested permission to file a motion for reconsideration under Minn. R. Gen. Pract. 115.11, contending that wife's request was based on prior abuse without any description of recent abuse or reasons for fearing husband. Husband also asserted that the district court failed to make the necessary findings of domestic abuse and contained an overbroad geographical exclusion. The district court denied husband's request to file a motion for reconsideration. This appeal followed.

**D E C I S I O N**

The district court may grant an OFP to prevent a party "from committing acts of domestic abuse." Minn. Stat. § 518B.01, subd. 6(a)(1) (2012). The court may grant an ex parte OFP where the petitioner "alleges an immediate and present danger of domestic abuse." *Id.*, subd. 7(a) (2012). "As a remedial statute, the Domestic Abuse Act receives liberal construction" in favor of the injured person. *Swenson v. Swenson*, 490 N.W.2d

3

668, 670 (Minn. App. 1992). Minn. Stat. § 518B.01, subd. 5 (2012), affords the right to a hearing on an OFP issued under the domestic-abuse act.

## I. Hearing

Husband argues that he did not receive a full hearing as required by the domestic-abuse act because he was not allowed to call witnesses, present evidence other than his own testimony, or cross-examine wife. We disagree.

We note that husband failed to raise this issue in district court. He attempts to explain away this failure by contending that "[t]he district court tightly controlled the proceedings from the very beginning," and it stated that a written order would be issued in due course, "an obvious sign that the district court considered the evidentiary portion of the hearing complete," "effectively adjourn[ing] the hearing." But, while he contends that there was not a "momentary opening to tell the district court of a party's intentions" to present additional evidence, husband admits that the district court asked husband's counsel whether there was anything to be discussed, raising the opportunity for an objection to the hearing process. Moreover, husband wrote to the district court after the hearing, raising other objections, but he failed to raise this issue and give the court an opportunity to consider his objection to the process itself. As a result of husband's failure to raise this issue with the district court, it is waived. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988).

Even if we consider the merits of husband's claim, we find that husband waived his right to present additional evidence. "The right to a 'full hearing' on the domestic abuse allegations includes the right to present and cross-examine witnesses, to produce

4

documents, and to have the case decided on the merits." *El Nashaar v. El Nashaar*, 529 N.W.2d 13, 14 (Minn. App. 1995). Husband asserts that the district court did not just fail to invite the parties to cross-examine the opposing witness but contends that "the record makes clear that the district court [] moved through the hearing in such a way that there was no such right afforded." However, "[a]lthough a petitioner in an OFP proceeding is entitled to a hearing, the failure to request a particular procedure, such as cross-examination, constitutes waiver." *Beardsley v. Garcia*, 731 N.W.2d 843, 850 (Minn. App. 2007), *aff'd*, 753 N.W.2d 735 (Minn. 2008).

Husband never requested the opportunity to cross-examine wife or to present additional evidence at the hearing. The record demonstrates that husband had multiple opportunities to interject with these requests before the hearing was adjourned, but he failed to do so. On multiple occasions, the court asked husband and his counsel if they had anything to add. Additionally, husband's counsel raised other issues, such as the impact of the OFP on the ongoing CHIPS proceeding, and he inquired whether the ex parte order would remain in effect. While husband did have a right to present additional evidence and cross-examine wife at the hearing, his failure to request these particular procedures served as a waiver. On this record, husband waived any objections to the adequacy of the hearing under the domestic-abuse act.

## II. Sufficiency of evidence and findings

Husband argues that there was insufficient evidence to support the OFP because the evidence does not demonstrate that wife was in imminent danger of domestic abuse by husband. He also contends that the district court did not make findings sufficient to

5

support the grant of an OFP because it did not make findings about domestic abuse. These arguments are unavailing.

We review a district court's decision to grant an OFP for an abuse of discretion. *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98 (Minn. App. 2009). The district court "abuses its discretion if its findings are unsupported by the record or if it misapplies the law." *Id.* (quotation omitted). On appeal, we "review the record in the light most favorable to the district court's findings, and we will reverse those findings only if we are left with the definite and firm conviction that a mistake has been made." *Id.* at 99 (quotation omitted). "We will not reverse merely because we view the evidence differently." *Id.* (quotation omitted). We neither "reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Id.* (quotation omitted).

Minn. Stat. § 518B.01 permits the district court to issue an initial OFP on a finding of domestic abuse. However, "a petitioner need not allege or show 'domestic abuse' in order to extend the relief granted in an existing OFP or to obtain a new OFP if petitioner's OFP is no longer in effect when an application for subsequent relief is made." *Id.* at 98 (citation omitted). Instead, "[t]he court may extend the terms of an existing order or, if an order is no longer in effect, grant a new order upon a showing that . . . . the petitioner is reasonably in fear of physical harm from the respondent[.]" Minn. Stat. § 518B.01, subd. 6a(a) (2012).

Husband's arguments about insufficient evidence and findings are based on the misapprehension that the statute requires a finding of domestic abuse. But "[a] petitioner

6

does not need to show that physical harm is imminent to obtain an extension or a subsequent order." *Id.* Instead, "the petitioner need only show reasonable fear of physical harm" for an extension or subsequent order to be issued. *Ekman v. Miller*, 812 N.W.2d 892, 895 (Minn. App. 2012). Because wife had previously obtained two OFPs against husband, she was only required to show that she had a reasonable fear of physical harm by husband in order to obtain another OFP against him. There is no authority to suggest that the parties' remarriage or any set lapse in time negates the applicability of Minn. Stat. § 518B.01, subd. 6a(a)(2) and *Ekman*.

During the hearing, wife gave the following testimony about why she requested the OFP:

> WIFE: [I]f there's even one chance that [husband] could harm the kids again, it is my job to protect my children. So I can't have him near us.
>
> COURT: Okay. Do you have fear of Mr. Johnson abusing you?
>
> WIFE: Yes.
>
> COURT: Tell me about that.
>
> WIFE: I think a lot of it's mentally.
>
> COURT: Okay. When was the last time you had been involved in, if ever, domestic abuse, physical abuse involving [husband]?
>
> WIFE: During our last marriage.
>
> COURT: How long ago?
>
> WIFE: Um, . . . he did grab me and say, You never change. And that was this marriage. The previous marriage before, which would have been four years ago.
>
> . . . .
>
> COURT: . . . So the last issue of actual physical abuse was several years ago?
>
> WIFE: Yes.

| COURT: | And when was the last time that you and [husband] were involved in some form of conduct that caused you fear of physical abuse? |
|---|---|
| WIFE : | After we were married the second time. |
| COURT: | How long ago? |
| WIFE: | It would have been October [2013]. |

In her affidavit, wife also attested that, in the months before she applied for the current OFP, husband had (1) yelled at the children; (2) touched her sexually while she slept; (3) exhibited behavior consistent with his past abuse; (4) grabbed her arm; and (5) stopped and drove by her house since she stopped seeing him. Husband denied all allegations of domestic abuse or violence, past and present, saying that he and wife may have argued, but he never harmed her. But issues of credibility are the province of the factfinder, *Pechovnik*, 765 N.W.2d at 99, and the district court's order granting the current OFP demonstrates that it found wife's testimony to be more credible than husband's.

While actual findings from the district court would be preferable, there is no statutory or case-law authority requiring specific findings when issuing a subsequent OFP. The oral and written evidence presented by wife supports the implicit finding that she had a reasonable fear of harm by husband. *See Mechtel v. Mechtel*, 528 N.W.2d 916, 919 (Minn. App. 1995) (providing that when an OFP is issued after a hearing is held, the issuance of the ex parte OFP should be "treated as an implicit finding of probable cause of physical abuse," if the record supports such findings and the specific findings made by the district court do not conflict with such implicit findings). Husband engaged in domestic abuse against wife and her children in the past, as established by the earlier

8

OFPs, and he began exhibiting similar abusive behavior in the months leading up to the current OFP petition. Additionally, he continued to show up at or near her house even though she had decided to stop seeing him. Because (1) the district court implicitly found wife more credible than husband; (2) wife had two previous OFPs against husband; and (3) the evidence supports an implicit finding that wife had a reasonable fear of harm, we conclude that the district court did not abuse its discretion by granting wife and her children an OFP against husband.

**Affirmed.**