In the Matter of Eva Marie
**ANDRASKO, Petitioner,
Respondent,**

v.

**Joseph Bernard ANDRASKO, Appellant.**

No. C9–89–154.

Court of Appeals of Minnesota.

Aug. 1, 1989.

Eva Marie Andrasko, Grand Rapids, pro se.

Thomas J. Bieter, Duluth, for Joseph Bernard Andrasko.

Heard, considered and decided by CRIPPEN, P.J., and NORTON and MULALLY,* JJ.

\* Acting as judge of the Court of Appeals by ap-

## OPINION

NORTON, Judge.

Joseph Andrasko appeals from a domestic abuse protection order. Andrasko claims that there was not sufficient evidence to warrant the order, that the trial court abused its discretion by denying a continuance, and that the court failed to make required findings regarding domestic abuse. We reverse.

## FACTS

On December 16, 1988, Eva Andrasko petitioned for an order of protection from domestic abuse. Eva alleged that her husband, Joseph Andrasko, engaged in incidents of domestic abuse, including hitting her and abusing their son.

The trial court issued an ex parte temporary order for protection and scheduled a hearing for December 30, 1988. Joseph Andrasko was served with notice of the hearing on December 29, 1988. Both Joseph and Eva appeared pro se at the hearing. Joseph was unsuccessful in obtaining counsel prior to the hearing and moved for a continuance. The trial court denied the motion.

Eva testified that she had not yet filed for divorce, but intended to do so when legal aid would have time to handle her case. There was no testimony at the hearing concerning the specific allegations of abuse in Eva's petition. Following the hearing, the trial court issued an order for protection for one year. The order restrained Joseph from entering Eva's home, restrained him from acts of abuse, and granted temporary custody of the parties' two minor children to Eva. The order also provided Joseph with reasonable visitation rights under the supervision of the Itasca County Social Services Department. The court did not issue findings of fact, conclusions of law or a memorandum.

## ISSUES

1. Does the evidence support issuance of a protective order pursuant to Minn. Stat. § 518B.01 (1988)?

pointment pursuant to Minn. Const. art. VI, § 2.

2. Did the trial court abuse its discretion by denying a continuance?

3. Did the trial court err by failing to make findings regarding domestic abuse?

## ANALYSIS

■ 1. Joseph Andrasko contends the court improperly issued an order for Eva Andrasko's protection, because there was insufficient evidence to support the order. The Domestic Abuse Act provides for the issuance of protection orders in cases of domestic abuse. Domestic abuse is defined as:

physical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members.

Minn.Stat. § 518B.01, subd. 2(a) (1988). The definition of "domestic abuse" under the Act requires either a showing of present harm or an intention on the part of appellant to do present harm. *Bjergum v. Bjergum*, 392 N.W.2d 604, 605 (Minn.Ct. App.1986).

In the present case there was no evidence presented at the domestic abuse hearing which would warrant issuance of a protection order. Although Eva alleged specific incidents of past abuse in her petition, she did not allege any intent to do present harm. There was no significant discussion of domestic abuse at the hearing. The trial court did not ask Eva to affirm or discuss her allegations of abuse. The court did not ask Joseph any questions concerning domestic abuse, threats, or any intent to do harm. On this record, the domestic abuse order must be reversed. *See Bjergum*, 392 N.W.2d at 606 (where the record fails to establish appellant's "present intention to do harm or inflict fear of harm" we have no alternative but to reverse the protection order).

■ 2. Additionally, we believe that the trial court abused its discretion by failing to grant a continuance. The granting of a continuance is within the trial court's discretion. *Dunshee v. Douglas*, 255 N.W.2d 42, 45 (Minn.1977). Joseph Andrasko received notice of the domestic abuse hearing one day before the scheduled hearing date.

His attempts to obtain counsel before the hearing were unsuccessful. Joseph's request for a continuance was reasonable. There is no indication that a short continuance would have resulted in undue delay. Moreover, the trial court's failure to reschedule the hearing does not comply with the notice requirements of the Domestic Abuse Act. The Act provides that:

Upon receipt of the petition, the court shall order a hearing which shall be held not later than 14 days from the date of the order. *Personal service shall be made upon the respondent not less than five days prior to the hearing.* In the event that personal service cannot be completed in time to give the respondent the minimum notice required under this paragraph, the court may set a new hearing date.

Minn.Stat. § 518B.01, subd. 5(a) (1988) (emphasis added).

Under these circumstances, the trial court abused its discretion by denying Joseph's motion for a continuance.

■ 3. Joseph Andrasko further asserts that the trial court erred by failing to make findings regarding domestic abuse. We agree.

All orders and decrees in family court proceedings shall contain particularized findings of fact sufficient to support determinations of custody, visitation and other issues decided by the court. R.Family Ct.P. 7.05 (1988); *see also Wallin v. Wallin*, 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971) (in view of broad discretion of trial court in domestic relations cases generally, it is "especially important" that basis for trial court decision be set forth with a high degree of particularity). Particularized findings of fact are required in making time-significant child custody decisions in domestic abuse proceedings. *Rigwald v. Rigwald*, 423 N.W.2d 701, 704 (Minn.Ct. App.1988).

In the present case, the trial court made no findings. The court did not fill in the blank space for findings on the pre-printed order for protection. Additionally, the court did not make any oral findings on the

record. *See Id.* at 703 (oral findings of fact are sufficient if recorded in open court). Consequently, the trial court erred by failing to make any findings concerning domestic abuse. Nothing in our opinion prevents Eva Andrasko from seeking another temporary protection order should the need arise.

## DECISION

The trial court erred by issuing a protection order pursuant to Minn.Stat. § 518B.01 where the evidence was insufficient to warrant issuance of the order; the court abused its discretion by denying a continuance; and the court failed to make findings regarding domestic abuse.

Reversed.