# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1693

In re the Matter of: Cindy Jean Oberg obo minor child, petitioner,
Respondent,

vs.

Gregory Brian Bradley,
Appellant.

**Filed August 3, 2015**
**Affirmed**
**Connolly, Judge**

Ramsey County District Court
File No. 62-DA-FA-14-731

Kathy S. Kimmel, Mark P. Schneebeck, Oppenheimer Wolff & Donnelly LLP, Minneapolis, Minnesota (for respondent)

Jennifer M. Macaulay, Macaulay Law Offices, Ltd., St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Connolly, Judge; and Kirk, Judge.

## S Y L L A B U S

The standard of proof for a petition for an order for protection under Minn. Stat. § 518B.01 (2014) is a preponderance of the evidence.

## O P I N I O N

**CONNOLLY**, Judge

Respondent sought an order for protection (OFP) for the parties' 12-year-old son against appellant, based on allegations that appellant had excessively punished him.

Following a hearing at which respondent and two mental health professionals testified as to the boy's out-of-court statements concerning appellant, the referee issued an OFP, which was confirmed by the district court. Appellant challenges the OFP, arguing that the admission of the boy's out-of-court statements deprived appellant of due process because appellant did not have adequate notice that respondent would offer them. Because there was no violation of appellant's right to due process in the admission of the out-of-court statements and a preponderance of the evidence supported the issuance of the OFP, we affirm.

**FACTS**

Appellant Gregory Bradley and respondent Cindy Oberg are the parents of G., born on July 7, 2002. They share custody, with appellant having parenting time on Wednesdays and alternate weekends.

G. went to appellant's house for scheduled parenting time on July 4, 2014. On July 5, a dispute over a video game between appellant and G. resulted in appellant spanking G. G. later claimed he was struck between 10 and 20 times; appellant claimed he struck G. twice. On July 7, G. returned to respondent's house and told her appellant had spanked him. G.'s mental health case manager (MHCM) recommended that respondent report the incident to the police and went with appellant and G. to the police station the next day when the incident was reported.

On July 21, a hearing was held on respondent's petition for an OFP. Neither party was represented by counsel. The referee continued the matter until August 1 and issued an order providing that, by July 28, respondent was to serve appellant by e-mail with

2

notice of G.'s out-of-court statements describing appellant's abuse or neglect that respondent intended to offer in support of her petition for an OFP. Appellant provided an incorrect e-mail address and did not receive the e-mail giving notice of respondent's intent to offer G.'s out-of-court statements to respondent, to the police officer, to the MHCM, and to his psychologist pursuant to Minn. Stat. § 595.02, subd. 3 (2012), and Minn. R. Evid. 807. Because appellant did not receive the e-mail, he also did not learn that respondent had retained counsel.

When the parties met prior to the hearing, appellant learned that respondent had retained counsel and would offer G.'s out-of-court statements in evidence. Neither party suggested that G. testify. G.'s MHCM and psychologist were examined by respondent's attorney and cross-examined by appellant, and respondent began her testimony. The hearing was then continued for two weeks.

When it reconvened, appellant was still not represented by counsel. His attempt to offer the testimony of a friend who had seen G. interact with appellant many times was not admitted because appellant had not served and filed notice that he intended to offer G.'s out-of-court statements.[1]

The referee found that (1) appellant had committed two acts of domestic abuse against G., (2) appellant presented a credible threat to G.'s safety, and (3) it was in G.'s best interest for respondent to have temporary sole legal and physical custody of him and appellant to have supervised parenting time. An OFP issued by the referee prohibited

---

[1] Appellant also attempted to introduce as an exhibit the police department record of respondent's report; it was not admitted into evidence because it was not authenticated.

appellant from committing further acts of domestic abuse against G., physically abusing or injuring G.'s cat, having direct or indirect contact with G. except as recommended by G.'s psychologist, and entering or going within two blocks of respondent's home. The district court confirmed the referee's OFP.

Appellant, now represented by counsel, challenges the OFP.

## ISSUE

Does Minn. Stat. § 518B.01 require a petitioner to show by a preponderance of the evidence that an OFP should be issued?

## ANALYSIS

"Interpretation of a statute presents a question of law, which we review de novo." *Swenson v. Nickaboine*, 793 N.W.2d 738, 741 (Minn. 2011). "We are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations." *Am. Family Ins. Grp. v. Schroedl*, 616 N.W.2d 273, 277 (Minn. 2000).

Minn. Stat. § 518B.01 does not specify any standard of proof for the issuing of an OFP, but the statute has been interpreted to require sufficient evidence. *See, e.g.*, *Bjergum v. Bjergum*, 392 N.W.2d 604, 606-07 (Minn. App. 1986) (reversing an OFP because "[e]vidence presented at the domestic abuse hearing was insufficient to warrant issuance of a[n OFP] under Minn. Stat. § 518B.01, subd. 2(a)"). Moreover, Minn. Stat. § 518B.01 does provide a standard for modifying or vacating an OFP: "*a preponderance of the evidence* that there has been a material change in circumstances and that the

4

reasons upon which the court relied in granting or extending the [OFP] no longer apply and are unlikely to occur." Minn. Stat. § 518B.01, subd. 11(b) (emphasis added). By stating the requirement that a respondent meet a preponderance-of-the-evidence standard to modify or to vacate an OFP, the statute implies the requirement that a petitioner must meet the same preponderance-of-the-evidence standard to obtain an OFP, and we so hold. *See Am. Family Ins. Grp*., 616 N.W.2d at 277 ("[An appellate court] must interpret each section [of a statute] in light of the surrounding sections."); *see also Rixmann v. City of Prior Lake*, 723 N.W.2d 493, 495 (Minn. App. 2006) ("In a statutorily created cause of action [such as a domestic-abuse proceeding], the legislature generally has the power to determine the standard of proof. We regard the legislature's silence about the standard of proof as a signal that the legislature intended the preponderance-of-the-evidence standard." (citation omitted)), *review denied* (Minn. Jan. 24, 2007).

Our issue becomes whether a preponderance of the evidence supported issuing the OFP or whether the district court abused its discretion by granting the OFP without a preponderance of the evidence. *See McIntosh v. McIntosh*, 740 N.W.2d 1, 9 (Minn. App. 2007) (holding that granting relief under Minn. Stat. § 518B.01 is discretionary). "The preponderance of the evidence standard requires that to establish a fact, it must be more probable that the fact exists than that the contrary exists." *City of Lake Elmo v. Metro. Council*, 685 N.W.2d 1, 4 (Minn. 2004).

Appellant argues that the admission of G.'s out-of-court statements violated appellant's right to due process and that, without those statements, the preponderance of

the evidence did not support issuing an OFP. The statements were admitted under Minn. R. Evid. 807, providing an out-of-court statement may be admitted if:

> (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Appellant concedes that G.'s statements were material to whether G. had been physically abused by appellant, but argues that they did not meet the other two criteria.

He argues first that G. could have testified himself and that his testimony would have been more probative than statements he made to the MHCM, the psychologist, and respondent. But the record does not indicate that appellant (or respondent) ever suggested that G. testify himself. Having accepted the lack of G.'s direct testimony at the hearing, appellant cannot challenge it now. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (party may not raise the same general issue under a different theory).

Finally, appellant argues that the interests of justice were not served by admitting G.'s out-of-court statements because that admission deprived appellant of the "full hearing" provided by Minn. Stat. § 518B.01, subd. 7. Appellant relies on *Anderson v. Lake*, 536 N.W.2d 909, 911 (Minn. App. 1995), and *El Nashaar v. El Nashaar*, 529 N.W.2d 13, 14 (Minn. App. 1995), for this argument, but the "full hearing" language those cases construed has been deleted from Minn. Stat. § 518B.01, subd. 7. 1995 Minn. Laws ch. 142 § 5, at 404. Moreover, appellant provides no legal support for his view that the failure to have G. testify denied appellant his statutory right to a "full" or other

hearing. Appellant's right to due process was not violated by the admission of G.'s out-of-court statements.

Appellant also challenges the district court's findings that he abused or excessively punished G., relying on *Johnson v. Smith*, 374 N.W.2d 317, 320 (Minn. App. 1985), *review denied* (Minn. Nov. 18, 1985), and *Andrasko v. Andrasko*, 443 N.W.2d 228, 230 (Minn. App. 1989). Both cases are distinguishable. In *Johnson,* a custody modification was based on the conclusion that a 12-year-old boy who had been slapped once or twice, spanked with a wooden spoon at least once, struck on the face, and hit on the arm with a broomstick and on the back with a fist was endangered. 374 N.W.2d at 320. The modification was reversed because "three witnesses—the child's guardian ad litem, a child abuse investigator, and the author of a comprehensive social report— interviewed the boy and testified that he was not in danger." *Id*. at 321. Here, the testimony of G.'s MHCM and his psychologist supported issuing an OFP. *Andrasko* construed domestic abuse to require "either a showing of present harm or an intention on the part of [the] appellant to do present harm," 443 N.W.2d at 230, and reversed an OFP because "[t]here was no testimony at the hearing concerning the specific allegations of abuse in [the] petition [for an OFP]." *Id.* at 229. Here, both parties, the social worker, and the MHCM testified about the allegations.

## D E C I S I O N

Because the admission of G.'s out of-court statements did not violate appellant's due-process rights, those statements were properly admitted; because the evidence met

7

the preponderance-of-the-evidence standard of proof required by Minn. Stat. § 518B.01, the issuance of the OFP was not an abuse of discretion.

**Affirmed.**