*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0578**

In the Matter of:

Natasha June Marie Courtney, petitioner,
Respondent,

vs.

Barry Ishmael McReynolds,
Appellant.

**Filed January 4, 2016
Affirmed
Rodenberg, Judge**

Hennepin County District Court
File Nos. 27-FA-15-654; 62-FA-10-2783

Michael J. Ortner, Theresa A. Bofferding, Ortner & Bofferding, LLC, St. Paul, Minnesota (for respondent)

Barry I. McReynolds, West St. Paul, Minnesota (pro se appellant)

Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**RODENBERG**, Judge

Pro se appellant Barry Ishmael McReynolds contends that the district court abused its discretion by issuing an order for protection against him, and argues that service was deficient, he was wrongly denied a continuance to prepare for the hearing, various

evidentiary rulings were improper, and the evidence was insufficient to support the order. We affirm.

## FACTS

Appellant Barry Ishmael McReynolds and Respondent Natasha June Marie Courtney were intermittently intimate for over ten years. They lived together from 2008 to 2010. They have one child together, born in January 2010. Respondent alleges that appellant was violent and abusive to her during the time that they lived together, and that on one occasion he attempted to strangle her.

Respondent petitioned the district court for an order for protection (OFP) against appellant in Ramsey County in 2010, but withdrew that petition. She testified that she did so because of "intimidation[]," "manipulation[]," and "abuse" by appellant.

Respondent again petitioned for an OFP against appellant on February 2, 2015 in Hennepin County. In her petition, respondent invoked the past abuse from 2008 through 2010, and also alleged recent harassment, intimidation, and stalking-like behavior. She alleged that, in the summer of 2014, appellant picked her up off the floor by her shirt and scratched her breast. The petition stated, in part: "I do not feel safe with him anywhere near me[.] . . . I am afraid of [appellant] and how he is acting and I need this order for protection to keep him away from me and my home." That same day, an ex parte order was granted which was effective for a period of two years or "until modified or vacated at a hearing."

Appellant became aware of the petition on February 4, 2015, before he was formally served with papers relating to the OFP. On that day, he signed a document

2

acknowledging the effect of the ex parte order. He requested a hearing using a document on which, just above the line where he signed his name, is printed in capital letters: "A HEARING WILL TAKE PLACE WITHIN 10 DAYS FROM THE DATE THE COURT RECEIVES THIS REQUEST." Appellant was formally served with respondent's petition on February 11, 2015.

A hearing was held on February 12, 2015. Both parties were present and appeared pro se. Respondent was accompanied by a non-attorney advocate who did not testify. The district court heard testimony from respondent, appellant, and respondent's mother.

At the end of the hearing, the district judge verbally advised the parties that she was granting the OFP because, based on the testimony at the hearing, she believed that respondent's fear of appellant hurting her was reasonable. The district judge stated that it was "a very close case" but that she was granting the order since the standard of proof in an OFP case is proof by a preponderance of the evidence, which the district judge paraphrased as authorizing the OFP "if I find that [it is] even [a] little more likely than not that domestic abuse occurred" or "if I believe that one side is more credible than the other side." The district judge advised the parties that she would include an exception to the no-contact provision for the parties to participate in court-ordered parenting-time mediation and for exchange of their child at neutral drop-off points (to be arranged at the parenting-time mediation). An amended two-year OFP was issued that same day. This appeal followed.

# D E C I S I O N

## I.    Service

Appellant argues on appeal that service was deficient, but it is unclear from his briefing whether he challenges the sufficiency of service of the petition or of the notice of the hearing. In either case, his argument fails. The Minnesota Supreme Court has held that defective service cannot later be raised as a defense by a party who has "affirmatively invoke[d] the court's power to determine the merits" of a claim. *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 869 (Minn. 2000). Provided the opportunity at the hearing to accept entry of a no-contact order with no findings regarding domestic abuse, appellant asked to proceed with the hearing on the merits. Additionally, appellant was served with the ex parte order and the underlying petition,[1] and the February 12 hearing resulted from his request for a hearing. On inquiry by the district court, appellant did not contest the sufficiency of either service of the petition or notice of the hearing.

## II.    Denial of continuance

Appellant also argues that he should prevail in this appeal because the district court abused its discretion in denying his request for a continuance to obtain an attorney and otherwise prepare for the hearing.

The Domestic Abuse Act provides that an OFP hearing may be continued if "for good cause shown either party is unable to proceed at the initial hearing" and if the court

---

[1] While appellant was not formally served with respondent's OFP petition until the day before the hearing, appellant acknowledged at the hearing that he was on notice of respondent's petition on February 4, 2015—the same date on which he requested the hearing to contest the ex parte order, and over a week in advance of the hearing.

finds it appropriate. Minn. Stat. § 518B.01, subd. 5(e) (2014). Within this framework, the decision to grant or deny a continuance is within the broad discretion of the district court. *Gada v. Dedefo*, 684 N.W.2d 512, 513-14 (Minn. App. 2004).

When a petitioner in an OFP action seeks only basic remedies that are available by an ex parte order, no hearing is required unless requested by the respondent. Minn. Stat. § 518B.01, subd. 5(b), (d); *Id.*, subd. 7 (outlining remedies available ex parte without hearing). Appellant requested a hearing on February 4 and the hearing was scheduled for February 12. In requesting a hearing, appellant signed a document containing a written notice that the requested hearing would take place within ten days, which indeed it did. *See id.*, subd. 5(d) (requiring that a hearing requested by OFP respondent "shall be held within ten days of the court's receipt of the . . . request"). Appellant had eight days to prepare for the hearing he had requested. The district court acted within its broad discretion in denying appellant's request for continuance.

## III. Evidentiary rulings

Appellant argues that the district court abused its discretion and violated his due-process rights in its evidentiary rulings. A district court's evidentiary ruling should not be disturbed on appeal unless they demonstrate a clear abuse of discretion. *State v. Nunn*, 561 N.W.2d 902, 906-07 (Minn. 1997). "A district court abuses its discretion . . . when it improperly applies the law." *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009) *and appeal dismissed* (Minn. Feb. 1, 2010).

The Minnesota Rules of Evidence apply at OFP hearings. *See* Minn. R. Evid. 1101; *see also Oberg v. Bradley*, 868 N.W.2d 62, 65 (Minn. App. 2015) (applying Minnesota Rules of Evidence in OFP appeal). Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

The district judge ruled at the outset of the hearing that she would only allow testimony and evidence relevant to the allegations in respondent's 2015 petition. The district judge evenhandedly enforced this ruling by eliciting offers of proof before the testimony of each witness and during questioning. She confined the evidence to what she had determined was relevant. The district judge allowed respondent to testify about past abuse to the extent it was referenced in her petition, but cut her off when she strayed from what was strictly relevant to the question of her present fear of appellant. Both parties were denied permission to present witnesses to testify concerning matters deemed irrelevant by the district court. Appellant was denied permission to put his sixteen-year-old child on the stand because of the child's age. The district judge admitted into evidence two exhibits: a note written by appellant and left on respondent's car in January 2015 telling her not to come to his home, and a Ramsey County court document relating to the dismissed 2010 petition for OFP. The district judge declined to consider or review police reports offered by either party. Contrary to appellant's brief, the district judge did not view or admit into evidence an undated photo offered by respondent of her alleged

6

injury resulting from the summer 2014 incident. The district court acted within its discretion in its evenhanded evidentiary rulings.

## IV. Sufficiency of the evidence

A district court's decision to issue an OFP is discretionary. *Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn. App. 2005). We will reverse only for an abuse of discretion. *Braend v. Braend*, 721 N.W.2d 924, 926-27 (Minn. App. 2006). Appellate courts "neither reconcile conflicting evidence nor decide issues of witness credibility, which are exclusively the province of the factfinder." *Gada*, 684 N.W.2d at 514.

Issuance of an OFP requires a finding, supported by a preponderance of the evidence, that domestic abuse has occurred. *Oberg*, 868 N.W.2d at 64. Domestic abuse includes but is not limited to physical harm, the infliction of fear of imminent physical harm, and terroristic threats between persons who have a child in common. Minn. Stat. § 518B.01, subd. 2(a)(1)-(3), (b)(5) (2014). The preponderance-of-the-evidence standard "requires that to establish a fact, it must be more probable that the fact exists than that the contrary exists." *Oberg*, 868 N.W.2d at 65 (quotation omitted). The Domestic Abuse Act is a remedial statute, which is to be construed liberally in favor of an injured party. *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98-99 (Minn. App. 2009).

Here, respondent testified that she feared appellant based on a history of physical abuse and recent stalking-like behavior, including 282 phone calls from blocked numbers that she reasonably concluded were from appellant, several text messages and voicemails in which she recognized appellant's voice saying "this is going to get ugly," and appellant lingering uninvited around her home. Appellant testified otherwise, but the

7

district court found respondent's testimony more credible than appellant's. Critically, the district court accepted as true respondent's testimony that she had a present fear of appellant based on domestic abuse. *See Pechovnik*, 765 N.W.2d at 99-100 (holding that a history of abuse or threatening behavior may be properly considered in assessing the existence or likelihood of domestic abuse). And the district court found respondent's fear of appellant to be reasonable.

Appellant argues that the district court's findings were insufficient. But while particularized findings are required when "time-significant child[-]custody decisions" are at issue in a domestic-abuse proceeding, *Andrasko v. Andrasko*, 443 N.W.2d 228, 230 (Minn. App. 1989), no such requirement exists for other OFPs. *See Pechovnik*, 765 N.W.2d at 99-100 (deferring to credibility determination and accepting that general finding of domestic abuse was supported by the record). In this appeal, appellant challenges the finding of domestic abuse, not the district court's disposition of the custody and parenting time issues.

Given the evidence of record and the district court's broad discretion, we affirm the district court's issuance of the OFP.

**Affirmed.**