*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-2088**

In the Matter of: Chelsea Chantel Hall and
o/b/o J. B. A., petitioner,
Respondent,

vs.

Jamison Robert Arend,
Appellant.

**Filed November 7, 2016
Reversed
Jesson, Judge**

Ramsey County District Court
File No. 62-DA-FA-15-1044

Carla C. Kjellberg, Kjellberg Law Office, PLC, St. Paul, Minnesota (for respondent)

Kellen T. Fish, KTF Law Firm, PLLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Jesson, Presiding Judge; Stauber, Judge; and Reyes, Judge.

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

On appeal from the district court's decision to extend an order for protection covering the parties' minor child, appellant Jamison Arend argues that the record does not support the district court's finding that he committed domestic abuse against the child. He also argues that his due-process rights were violated when the district court inserted the

child into the order for protection when the child was not named in the previous emergency order. Because we conclude that the record does not support the district court's finding that domestic abuse occurred against the child, we reverse.

**FACTS**

Respondent Chelsea Hall and Jamison Arend were involved in a romantic relationship for about four years and lived together in his home for part of that time. They have a child together. According to Hall, one night she nudged Arend to stop his snoring. He awoke upset and swore at her, pushing her down and into a wall, causing her injuries of bruising and abrasions.

Their 23-month-old child began crying, and after Arend retrieved the child, Hall held the child in her arms. Their altercation then renewed. Hall testified that Arend "starts grabbing the baby by his arm and is going to take him away from me . . . because he knows I'm about to leave. And he's yanking on my baby's arm, so I finally just let go." She then "lost it" and slapped Arend. She testified that "[t]he baby was screaming as [Arend] started to rip—pull on his arm." Arend would not let Hall leave the house with the child, and she was fearful for her and the child's safety. She left the house without the child that night.

Hall sought an order for protection against Arend for herself and the child under the Minnesota Domestic Abuse Act, Minnesota Statutes sections 518B.01-02 (2014 & Supp. 2015). The district court referee granted an emergency ex parte order for protection on a form document, listing Hall and the child as protected parties. The order stated that "[Arend] must not commit acts of domestic abuse against the Protected Person[s]." The referee, however, altered the portion of the form stating that "Respondent must not have

2

any contact with the Protected Persons," changing it instead to "Respondent must not have any contact with the *Petitioner*." (Emphasis added.) The referee also crossed out the portion of the form stating that the petition contained allegations of child abuse or neglect.

Arend sought a hearing on Hall's request for a continuing order for protection. At the hearing, Arend denied that he had ever hit Hall and testified that he had only pushed her to fend her off when she was hitting him. He introduced an audio recording that he made that evening, which he alleges accurately depicts the incident. Both parties were aware that he had made the recording, which indicates the child was cooing and not screaming. Hall alleged, however, that Arend made the recording after the transfer of the baby occurred.

The district court issued an order to continue the order for protection, which covered both Hall and the child. *See* Minn. Stat. § 518B.01, subd. 6 (2014). Arend appeals.

## D E C I S I O N

Arend argues that the evidence does not sufficiently support the issuance of a continuing order for protection covering the child. We will reverse the district court's decision to grant an order for protection if it has abused its discretion, which occurs if the district court's findings are unsupported by the record or if it misapplies the law. *Braend ex rel. Minor Children v. Braend*, 721 N.W.2d 924, 926-27 (Minn. App. 2006). We review the district court's findings for clear error, Minn. R. Civ. P. 52.01, but we review the district court's construction and application of a statute de novo. *Braend*, 721 N.W.2d at 927.

The Minnesota Domestic Abuse Act provides that a district court may issue an order for protection when one family or household member commits domestic abuse against

3

another. Minn. Stat. § 518B.01, subds. 2(a), 6(a) (2014). The district court found that Arend had committed domestic abuse against Hall and also against the child by "wrench[ing] the minor child by the arm and t[aking] the child away from [Hall] by use of physical force." The district court found that Hall was credible, that Arend was not credible, and that Arend's recording was "manipulative and controlling."

The Minnesota Supreme Court has held that "an order for protection may be granted only to a victim of domestic abuse." *Schmidt ex rel. P.M.S. v. Coons*, 818 N.W.2d 523, 529 (Minn. 2012). Therefore, to sustain the district court's finding that Arend committed domestic abuse with respect to the child, Hall must show that Arend committed acts of domestic abuse against the child, not just against her. *See id.*

As relevant here, the definition of domestic abuse includes "physical harm, bodily injury, or assault." Minn. Stat. § 518B.01, subd. 2(a)(1).[1] The district court found that Arend's act of "wrench[ing]" the child's arm and taking the child from Hall "by . . . physical force" amounted to domestic abuse. Arend argues, however, that his act of taking the child from Hall's arms did not inflict physical harm on the child, as required for domestic abuse under subdivision 2(a).

The petitioner has the burden of proof to show by a preponderance of the evidence that an order for protection should be issued. *Oberg v. Bradley*, 868 N.W.2d 62, 64 (Minn.

---

[1] Domestic abuse may also include "the infliction of fear of imminent physical harm, bodily injury, or assault." *Id.*, subd. 2(a)(2). But the district court did not find, and Hall has not argued, that Arend committed domestic assault by inflicting fear of physical harm, injury, or assault on the child. Issues not briefed are forfeited. *Melina v. Chaplin*, 327 N.W.2d 19, 20 (Minn. 1982).

4

App. 2015); 14 Martin A. Swaden & Linda A. Olup, *Minnesota Practice*, § 17:8 (3d ed. 2015). Therefore, to obtain an order for protection under these facts, Hall was required to show by a preponderance of the evidence that the child sustained physical harm or bodily injury as a result of Arend's action of removing the child from her arms.

Here, the record is devoid of any such proof. Hall alleged, and the district court found, that Arend pulled on the child's arm when taking the child from her, but not that the child suffered any physical harm or injury during the exchange. Hall testified, in fact, that when Arend pulled on the child, she let go, which resulted in Arend's holding the child.

Although the record shows photographs of Hall's injuries that occurred when Arend pushed her down before the transfer occurred, it contains no photographs showing any injury to the child. We do not discount Hall's injuries and recognize that the district court may have relied on these photos in assessing Hall's credibility. *See Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988) (stating that this court defers to the district court's credibility determinations). But even crediting Hall's version of events, on this record, there was no evidence indicating physical harm or bodily injury to the child, and the evidence is insufficient to support the district court's finding that domestic abuse was committed against the child. The district court therefore abused its discretion by issuing a continuing order for protection covering the child.

Arend also argues that he did not intend to inflict physical harm against the child. We note that Minnesota caselaw appears unclear as to whether, when domestic abuse by physical harm is alleged, Minnesota's Domestic Abuse Act requires a showing of a present intent to commit that harm, or whether the commission of physical harm without an intent

5

to commit harm will suffice. *See Gada v. Dedefo*, 684 N.W.2d 512, 514 (Minn. App. 2004) (concluding that the evidence was sufficient to support a finding that the defendant "inflicted physical harm" without addressing whether a present intent to harm was shown); *see also Kass v. Kass*, 355 N.W.2d 335, 337 (Minn. App. 1984) (construing the statute to "require either a showing of present harm *or* an intention on the part of [the defendant] to do present harm") (emphasis added); *cf. Kass*, 355 N.W.2d at 337 (stating that the record did not contain a "showing of [a] present intention to do harm or inflict fear of harm"). But Arend did not raise this issue before the district court. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (stating that generally, an appellate court will not address issues that were not raised before and considered by the district court). And our conclusion that the evidence is insufficient to support the district court's order for protection with respect to the child makes it unnecessary to address that issue. Finally, because we are reversing the district court's order, we need not address Arend's additional due-process argument relating to the inclusion of the child in the continuing order for protection.

     **Reversed.**