*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0727**

In the Matter of:
Bret William Smith, petitioner,
Appellant,

vs.

Timothy Patrick Lyons,
Respondent.

**Filed January 9, 2017
Affirmed; motion to dismiss denied; motion to strike granted in part
Bratvold, Judge**

Hennepin County District Court
File No. 27-DA-FA-16-1720

Bret William Smith, Richfield, Minnesota (pro se appellant)

Ryan D. Anderson, Lubov & Associates, LLC, Golden Valley, Minnesota (for respondent)

Jackie Cardinal, Minneapolis, Minnesota (guardian ad litem)

Considered and decided by Worke, Presiding Judge; Stauber, Judge; and Bratvold,

Judge.

**U N P U B L I S H E D   O P I N I O N**

**BRATVOLD**, Judge

Appellant challenges the district court's decision denying an order for protection

(OFP) on behalf of his then four-year-old son, arguing that the record evidence established

by a preponderance of the evidence that respondent harmed and/or failed to protect his

son.[1] Respondent asks this court to dismiss the appeal because appellant's brief fails to cite any legal authority. In the alternative, respondent moves to strike the portions of appellant's brief that address matters outside of the record on appeal. Because this court has discretion to consider inadequately briefed issues, we deny respondent's motion to dismiss. This court, however, will not consider matters outside of the record on appeal, therefore, we grant respondent's motion to strike. We conclude that the district court's determination that the evidence failed to establish that respondent harmed or failed to protect the child is not clearly erroneous; thus, the district court did not abuse its discretion in denying the OFP and we affirm.

## FACTS

Appellant Bret Smith and respondent Timothy Lyons are involved in a custody dispute regarding J.A.J, who is Smith's son, and formerly, Lyons's foster child. Smith gained temporary custody of J.A.J. in September 2015, when J.A.J.'s biological mother relapsed into chemical dependency. Smith initiated custody proceedings against mother. With Smith's consent, Lyons was a third-party intervenor in those proceedings, which were pending at the time this appeal was submitted. Shortly after Lyons intervened in the custody proceedings, he filed a third-party custody and visitation petition, and the district court permitted Lyons to have visitation with J.A.J. based on the parties' agreement.

---

[1] The district court judge "dismissed and vacated" the amended ex-parte OFP issued on March 31, 2016. The district court also found that "the record as a whole" does not support a finding that respondent physically or sexually abused the minor child. Therefore, the district court also denied the petition requesting an extension of the OFP.

Lyons's most recent visitation with J.A.J. occurred on January 15-17, 2016. Two weeks later, on January 31, 2016, Smith emailed the guardian ad litem (GAL) alleging that Lyons's three-year-old daughter bit J.A.J. and stabbed him in the back with a toy knife. Smith forwarded a cell phone photo of J.A.J.'s back and stated he would take J.A.J. to a hospital to document the abuse and to "assist with eliminating visitation." The GAL met with J.A.J. and observed a single bruise on his back. J.A.J. told the GAL that Smith told him to say that he no longer wanted to see Lyons. The GAL submitted a child protection report, and Child Protective Services (CPS) determined that the injury did not warrant an investigation.

The district court held an emergency telephone conference on February 5, 2016, after the allegations of physical abuse arose. The district court ordered that visitation continue with Lyons every other weekend.

On February 19, 2016, Smith reported to CPS that J.A.J. had said that Lyons had "touched my pennies [sic] and my butt and put a finger in my butt." Smith initially alleged that the abuse happened on February 16, 2016, a date on which J.A.J. was not with Lyons. Smith later claimed that the incident occurred on January 16, 2016, concurrent with the events described above. CPS initiated a forensic interview; J.A.J. did not disclose any sexual abuse to the interviewer. J.A.J. stated he liked Lyons and was not afraid of him. CPS closed its investigation, making no findings of abuse, and did not restrict Lyons's contact with the child.

On March 9, 2016, Smith filed an OFP petition on behalf of J.A.J., alleging physical and sexual abuse by Lyons. The petition was denied.

On March 22, 2016, Smith alleged that J.A.J. was physically abused at Hope Pre-School. The teachers had informed Smith that J.A.J. was standing in a wagon when another child pulled the wagon, causing J.A.J. to fall and he "was scratched on his face." Smith claimed that J.A.J. stated the child pulled him out of the wagon and threw him on the ground. Smith removed J.A.J. from Hope Pre-School after this incident.

On March 23, 2016, Smith brought J.A.J. for a Sex Behavior Assessment with Dr. Debbie Gerdes. Smith and J.A.J. "made identical reports to the evaluator," including that Lyons's three-year-old daughter held J.A.J. down and pulled down his pants, and then Lyons "sexually abused [J.A.J.]." Dr. Gerdes prepared a written assessment and Smith forwarded this assessment to CPS; however, no investigation was opened.

On March 29, 2016, Smith filed an amended version of the previously-denied OFP petition, alleging the same abuse incident by Lyons and his daughter, and attaching an email from Dr. Debbie Gerdes stating that J.A.J. had disclosed sexual abuse to her on March 23, 2016. The district court granted a temporary ex parte OFP, "[f]or the very short time until April 4, 2016" and scheduled a hearing. The order also stated that Smith "appears to be judge shopping."

On April 14, 2016, the district court heard both parties on the amended OFP petition. The district court received as evidence two photographs of J.A.J., taken with Smith's cell phone. Regarding the photographs, the district court observed:

> one photograph, which [Smith] maintains he took on January 20, 2016, was downloaded as a bitmap file onto his computer that day. It depicts nine bruises across the child's lower back and is annotated by [Smith] with comments such as "bite injury" and "stab injury." It looks nothing like the

4

photograph [Smith] forwarded to the [GAL] on January 31, 2016, which depicted a single bruise. The other photograph, which [Smith] maintains he took with his cell phone and downloaded onto his computer as a jpg file on January 31, 2016, appears to be identical to the photograph sent to the [GAL] that day, except it contains annotations by [Smith] indicating the location of "healing" bruises, bites and stab marks that are not apparent on the photograph. [Smith] said he immediately deleted the original photographs taken on his cell phone.

The district court also heard testimony from Smith, J.A.J.'s grandfather, and Lyons. Lyons testified that J.A.J. got along well with his children and denied that J.A.J. was held down physically or sexually abused in his home. Lyons testified that over the weekend of January 16, 2016, when he last saw J.A.J., the family visited a "bounce" house, J.A.J. behaved normally, and did not report any injuries.

Additionally, the district court received Dr. Gerdes's written assessment, which stated, in part, that Smith had noticed "a number of concerning behaviors" by J.A.J., but Smith did not report any sexualized behaviors. Nonetheless, Dr. Gerdes recommended that the child's anxiety should be addressed because "it appears that [J.A.J.] may have experienced sexual abuse and/or other trauma in his past" and would benefit from therapy.

The district court found that J.A.J. did not experience a significant injury on January 16, 2016, reasoning that Smith claimed he saw J.A.J.'s bruises on January 18, 2016, but did not take photos until January 20, 2016, waited until January 31, 2016 to contact the GAL, and waited several more days to take J.A.J. to the hospital. The district court concluded that this "time frame" and the absence of medical evidence failed to establish that significant injury occurred.

Additionally, the district court found that Smith's "description of the injury is inconsistent," because Smith first stated that J.A.J. had only a single bruise on his back, and "later provided edited photographs depicting numerous bruises." Further, Smith provided "inconsistent allegations about the date of the alleged sexual abuse." The district court concluded that "[t]hese inconsistencies, combined with [Smith's] history of alleging unsubstantiated physical and sexual abuse by others who come into contact with the child, undermine [Smith's] credibility."[2] The district court found that J.A.J. had been traumatized, but that the trauma could not be attributed to Lyons. Thus, the district court concluded that Smith had not met his burden to prove that domestic abuse had occurred, and denied the petition for an OFP.

This appeal followed. Lyons filed a motion to dismiss and, alternatively, a motion to strike portions of Smith's appellate brief. Lyons's motions were reviewed in special term and deferred to the merits panel.

## DECISION

The parties raise three issues on appeal. First, Lyons moves to dismiss the appeal, arguing that appellant's brief is inadequate. Second, Lyons asks that portions of Smith's brief be struck because he raises matters that are not in the record on appeal. Third, Smith

---

[2] In addition to the incident reported at Hope Pre-School, the district court's decision referred to two other incidents where Smith alleged his son had been abused. Smith testified that J.A.J. was bitten at a daycare facility. He does not remember the names of the children who allegedly bit J.A.J., but maintains that they were "kicked out" of the daycare. Smith also accused a student at a different preschool of sexually abusing J.A.J. on November 3, 2015. After reviewing school records, the preschool determined that the accused student did not attend school on November 3, 2015.

argues that the district court abused its discretion when it denied the OFP. Each issue will be discussed in turn.

**I.      Motion to Dismiss**

Caselaw establishes that parties to an appeal must cite legal authority to support their arguments, or this court will not consider them. *State v. Tomassoni*, 778 N.W. 327, 335 (Minn. 2010). "An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection." *Balder v. Haley*, 399 N.W.2d 77, 80 (Minn. 1987).

Here, Smith's brief cites no legal authority. Based on our review, the district court applied the correct rules of law, so prejudicial error is not obvious. The gist of Smith's appeal, however, is that the district court clearly erred in its factual findings. *Balder* notes that this court retains discretion to consider inadequately briefed issues. *Id.*  This court "may review any other matter as the interest of justice may require." Minn. R. Civ. App. P. 103.04. Thus, this court may consider unsupported arguments if it is in "the interest of justice" to do so. *Id.*

Because Smith asserts asks us to review an order denying an OFP on behalf of a child based on allegations of physical and sexual abuse, we conclude that exercising our discretion is appropriate. Appellate review of this order implicates "the state's interest in protecting the well-being of [the] child[]." *Putz v. Putz*, 645 N.W.2d 343, 350 (Minn. 2002) (invoking appellate rule 103.04 in a child support appeal to decide an issue not raised in the district court because a child's well-being was at stake). This court has exercised its

discretion to consider similar issues, even though the issues were not properly presented. *See, e.g., Beardsley v. Garcia*, 731 N.W.2d 843, 849 (Minn. App. 2007) (reviewing an issue in the interest of justice even though the issue was not raised in district court proceedings that granted an OFP petition and also permitted supervised parenting time to an alleged abuser), *aff'd*, 753 N.W.2d 735 (Minn. 2008). Because this court has discretion to consider an issue in the interest of justice even when inadequately briefed, the order on appeal denied an OFP petition on behalf of a child, and Lyons is not prejudiced by proceeding with the merits of the appeal, Lyons's motion to dismiss is denied.

## II.     Motion to Strike

"The documents filed in the [district] court, the exhibits, and the transcript of the proceedings, if any, shall constitute the record on appeal in all cases." Minn. R. Civ. App. P. 110.01. "An appellate court may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence below." *Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn. 1988); *see Turner v. Alpha Phi Sorority House*, 276 N.W.2d 63, 68 n.2 (Minn. 1979) (striking a document not included in district court record). Lyons asks this court to strike portions of Smith's brief because it refers to matters that are outside of the appeal record. Smith asks the court to consider his brief, without specifically addressing whether it raises matters outside of the record. We agree with Lyons. We have limited our review to the statements in the record. Lyons's motion to strike is granted in part, and the statements in Smith's appellate brief that are outside of the appeal record are stricken.

8

## III.   Denial of OFP

A party requesting an OFP must prove by a preponderance of the evidence that domestic abuse has occurred. Minn. Stat. § 518B.01, subd. 4(b) (2014); *Oberg v. Bradley*, 868 N.W.2d 62, 64 (Minn. App. 2015) (holding preponderance standard applies even though statute is silent on the matter). "Domestic abuse" is any act "committed against a family or household member by a family or household member" that results in: (1) "physical harm, bodily injury, or assault"; (2) "the infliction of fear of imminent harm, bodily injury, or assault"; or (3) terroristic threats, criminal sexual conduct, or interference with an emergency call. Minn. Stat. § 518B.01, subd. 2(a)(1)–(3) (2014). "In order to establish domestic abuse, a party must show present harm or an intention [by the alleged abuser] to do present harm." *Chosa ex rel. Chosa v. Tagliente*, 693 N.W.2d 487, 489 (Minn. App. 2005) (quotation omitted).

This court reviews a district court's decision to deny an OFP by applying a mixed standard of review. Factual findings are reviewed for clear error and the decision to grant or deny an OFP is reviewed for an abuse of discretion. *Pechovnik v. Pechovnik*, 765 N.W.2d 94, 98–99 (Minn. App. 2009). "A finding is clearly erroneous if it is either manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *In re Welfare of Children of T.R.*, 750 N.W.2d 656, 660–61 (Minn. 2008) (quotation omitted). This court "neither reconcile[s] conflicting evidence nor decide[s] issues of witness credibility, which are exclusively the province of the factfinder." *Pechovnik*, 765 N.W.2d at 99.

After an evidentiary hearing, the district court denied the OFP petition, even though the court found that J.A.J. had been traumatized, because the evidence was insufficient to conclude that Lyons had physically or sexually abused J.A.J. The district court also determined that Smith's testimony was inconsistent and lacked credibility. Smith argues that the district court erred in its factual findings when it stated that Lyons's three-year-old daughter held J.A.J. down during an alleged assault. Additionally, Smith argues that the evidence was sufficient to grant an OFP. Smith's arguments fail for two reasons.

First, Smith's claim that the district court clearly erred regarding who allegedly held down J.A.J. is not persuasive. Smith's March 29, 2016 petition asserts that Lyons held down J.A.J. Dr. Gerdes's report, however, states that J.A.J. reported the three-year-old "pinned [him] down and pulled his pants down." Smith essentially asks this court to reconsider the evidence and substitute its judgment for that of the district court. This court, however, will not reconcile conflicting evidence, as that is the exclusive function of the factfinder. *Pechovnik*, 765 N.W.2d at 99. Because the district court's factual determination is supported by record evidence, it is not clearly erroneous.

Second, the district court issued detailed findings of fact regarding evidentiary and credibility determinations when it denied the OFP, and it found Smith's credibility to be undermined by numerous inconsistencies. Because "the district court is in the best position to judge the credibility of the witnesses" and weigh conflicting evidence, we defer to the district court's factual and credibility findings. *Braith v. Fischer*, 632 N.W.2d 716, 724 (Minn. App. 2001), *review denied* (Minn. Oct. 24, 2001). After a careful review of the record, we conclude that the district court's findings are supported and not clearly

10

erroneous. Thus, the district court's decision to deny the OFP was not an abuse of discretion.

**Affirmed; motion to dismiss denied; and motion to strike granted in part.**