*This opinion is nonprecedential except as provided by
Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A23-0698**

In the Matter of Ariana Williams and OBO Minor Child,
Appellant,

vs.

Santo Che Zarate,
Respondent.

**Filed February 12, 2024
Affirmed
Ross, Judge**

Ramsey County District Court
File No. 62-DA-FA-23-193

Susan A. Yager, Ames, Iowa (for appellant)

Michael G. Hamilton, Tanner & Hamilton, P.A., Hastings, Minnesota (for respondent)

Considered and decided by Bratvold, Presiding Judge; Ross, Judge; and Schmidt, Judge.

**NONPRECEDENTIAL OPINION**

**ROSS**, Judge

Parents Ariana Williams and Santo Zarate have been engaged in a lengthy custody and parenting-time dispute, during which Williams recently unsuccessfully petitioned the district court to issue an order for protection against Zarate. Williams appeals, arguing that the district court abused its discretion by denying her petition by erroneously imposing a *de facto* statute of limitations on her abuse allegations. We affirm, observing that the

district court did not impose the alleged time limit and holding that it acted within its discretion by denying Williams's petition for an order for protection.

## FACTS

Appellant Ariana Williams and respondent Santo Zarate are the parents of a ten-year-old daughter over whom they exercise joint legal and physical custody. For the past ten years, the parties have frequently litigated custody and parenting time. Williams has twice unsuccessfully petitioned for an order for protection against Zarate, and they are currently engaged in parenting-time litigation before the same district court judge who decided the petition at issue in this appeal.

Williams petitioned the district court *ex parte* in February 2023 for an order for protection that prohibited Zarate from having any contact with her or the child. The petition alleged that Zarate "abused their daughter" and that Williams had previously "reported bruises on [the child's] arm and buttocks." The petition did not reveal to whom the alleged abuse was reported or what resulted from the report. It alleged that Williams feared Zarate and characterized him as a "bully" with an "unpredictable temper."

Williams testified at the consequent hearing. Responding to her attorney's suggestive leading question, "[H]as the respondent ever hit you, strangled you, thrown a plate at you?" Williams answered only, "There was one incident where he did assault me with a can of pop during an exchange." Williams did not testify that the can itself struck her or the child, and she mentioned no other act of alleged violence. Responding to her attorney's prompting to describe the pop-can incident, Williams recounted that it happened after "a verbal altercation" between them during a parenting-time exchange of their

2

daughter "when she was a lot younger," and Williams detailed only, "He threw the can at me, and it got all over me, all over my daughter."

Williams also testified that Zarate showed up at her house with police during a parenting-time dispute. Zarate remained in the car while police went to the door to retrieve their daughter. Williams testified that this incident caused her fear because her address was confidential in court records. Williams clarified that her alleged fear of Zarate did not result from any physical assault and did not lead her to fear him physically, saying, "I never said that my fear . . . was a physical fear. It's my fear of mental, emotional, and could be physical, but there's been no evidence of that."

Zarate moved to dismiss Williams's petition for an order for protection at the end of testimony. The district court granted the motion, finding that Williams presented no evidence constituting domestic abuse. It said that relying on the pop-can incident as a basis for issuing an order for protection might be precluded by collateral estoppel, surmising that Williams previously litigated the incident in her failed 2017 petition. The district court issued a written order, expressly finding that Williams failed to prove the allegations in her petition.

Williams appeals.

## DECISION

Williams argues that the district court erroneously imposed a *de facto* statute of limitations and abused its discretion by denying her petition for an order for protection. We review a district court's decision to deny an order for protection for an abuse of discretion. *McIntosh v. McIntosh*, 740 N.W.2d 1, 9 (Minn. App. 2007). Because Williams's statute-

of-limitations argument misstates the district court's findings and because the record supports the district court's conclusion that Williams offered no evidence of domestic abuse, we hold that the district court did not abuse its discretion by denying Williams's petition.

Williams sought an order protecting her and the parties' daughter from Zarate based on Zarate's alleged domestic abuse. The Minnesota Domestic Abuse Act authorizes a district court to issue an order for protection to protect domestic-abuse victims. Minn. Stat. § 518B.01 (2022). A district court may issue an order for protection when a petitioner proves by a preponderance of the evidence that the other party committed "domestic abuse." *Id.*, subds. 2(a), 4(b), 6; *Oberg ex rel. Minor Child v. Bradley*, 868 N.W.2d 62, 64 (Minn. App. 2015). The act defines "domestic abuse," in relevant part, as "(1) physical harm, bodily injury, or assault; [or] (2) the infliction of fear of imminent physical harm, bodily injury, or assault . . . ." Minn. Stat. § 518B.01, subd. 2(a)(1), (2). We consider the district court's decision denying Williams's petition in this framework.

The district court found that Williams failed to prove any act of domestic abuse. We view the record in the light most favorable to the district court's findings and will reverse only if we are "left with the definite and firm conviction that a mistake has been made." *Braend ex rel. Minor Child. v. Braend*, 721 N.W.2d 924, 927 (Minn. App. 2006) (quotation omitted). Williams contends that the district court failed to consider her evidence of domestic abuse because it erroneously imposed a *de facto* statute of limitations to disregard the pop-can incident and that, relatedly, it erroneously applied the doctrine of collateral estoppel to the incident. Our review of the record informs us that Williams wrongly

4

characterizes the district court's rationale as imposing a temporal limit on her claim about the pop-can incident. And our view of the law informs us that the incident could not support her petition regardless of its timing.

Williams is correct that no statute of limitations applies to preclude older incidents of domestic abuse from being considered when deciding whether to issue an order for protection. The supreme court has held that a petitioner for an order for protection "need only show that 'physical harm, bodily injury, or assault' has actually occurred, regardless of *when* it occurred." *Thompson ex rel. Minor Child v. Schrimsher*, 906 N.W.2d 495, 500 (Minn. 2018) (quoting Minn. Stat. § 518B.01, subd. 2(a)(1)). But Williams's statute-of-limitations argument misstates the district court's findings and order. The district court did not impose a temporal requirement to the pop-can incident. It instead found that, "at best," collateral estoppel precluded relitigating the incident because it occurred before Williams's 2017 failed petition for an order for protection.

We need not address Williams's collateral-estoppel argument because, even assuming the pop-can incident was properly before the district court, the district court did not abuse its discretion by concluding that Williams failed to allege any instance constituting domestic abuse. Williams's brief to this court makes or references *many* physical-abuse allegations that lack evidentiary support in the record. We do not consider arguments that rest on allegations of fact not included in the record. Minn. R. Civ. App. P. 110.01; *Thiele v. Stich*, 425 N.W.2d 580, 583 (Minn. 1988). Neither of the two incidents in the record here undermine the district court's decision. Williams's testimony about the pop-can incident could, and apparently did, leave the district court with the understanding

5

that Zarate never struck Williams or the child with the can, despite her attorney's repeated characterization of the incident on appeal as "[t]he pop can assault." Williams testified that Zarate threw the can at her and that it resulted only in her and the child becoming wet. Williams additionally acknowledged, "I never said that my fear . . . was a physical fear," and she admitted that, although her fear "could be physical, . . . there's been no evidence of that." The only other incident—Zarate accompanying police and showing up at her allegedly confidential address to retrieve the child for his parenting time—cannot reasonably be construed as an act of domestic abuse either as an incident of physical harm or an act causing fear of physical harm. Viewing the record in the light most favorable to the district court's findings, the district court acted within its discretion by ruling that Williams failed to establish an incident of domestic abuse.

We add that, even if the two incidents constituted domestic abuse, it was still within the district court's discretion to deny Williams's requested order for protection. The domestic abuse act affords that discretion, stating that, "[u]pon notice and hearing, the court *may* provide [the listed] relief." Minn. Stat. § 518B.01, subd. 6 (emphasis added). The supreme court has explained further:

> [O]nce "domestic abuse" has been established, the district court may examine all of the relevant circumstances proven to determine whether to grant or deny the petition for an OFP. Relevant circumstances may include, but are not limited to, the timing, frequency, and severity of any alleged instances of "domestic abuse," along with the likelihood of further abuse.

*Thompson*, 906 N.W.2d at 500. We are mindful too that the district court judge who carefully considered and rejected Williams's petition presides over the parties' ongoing

6

custody litigation and is familiar with the overlapping issues, concerns, and allegations, particularly those that might involve any need to protect the parties and their child.

We hold that the district court acted within its discretion by denying Williams's petition for an order for protection.

**Affirmed.**